*Preston* for the plaintiff—*Strawbridge* for the defendant.

---

*RICHARDSON* vs. *NOLAN & AL.*

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The plaintiff and appellant complains that the district court improperly denied him a continuance.

The affidavit on which he prayed it, states the materiality of the testimony relied on, and its absence without his fault or neglect.

A party relieved, on appeal, from the denial of a continuance, it appearing to the supreme court he used sufficient diligence.

He swears that, in June, he gave a memo-
randum and directions to his attorney to pro-
cure and forward a commission for obtaining
the testimony: that soon after, the attorney fell
sick, and, a few months after, died: that in the
meanwhile, having discovered that the com-
mission had not yet issued, he procured one,
and forwarded it by mail to Mobile, in the
state of Alabama, where the witness resides:
the latter's name, and the facts expected to be
proven, are stated, and the other usual state-
ments made.

The continuance was opposed on the ground
that the petition had issued in January, and
the application in October for time to procure
testimony was too late: that the plaintiff urged
he had not seen the account of the defendants
till October, when it had been on file since
June.

We think the continuance ought to have
been granted. It is true the petition was filed
in January, but the answer was not filed until
the middle of June, and the plaintiff could not
tell what part of the petition was to be suppor-
ted by testimony.

It appears he directed a commission to issue
as soon as the answer was filed; his counsel

fell sick, lingered, and died; before his death <span style="float:right">Eastern Dist.<br>*June*, 1828.</span>
he had employed another attorney, and forwarded the commission.

Although the defendant's account may have been filed in June, we cannot, without injustice, disbelieve the plaintiff when he swears he did not see it till October. As he had employed counsel, he might have refrained from examining the papers filed in the suit.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, the verdict set aside, and the case be remanded for further proceedings, according to law, and that the defendants and appellees pay costs in this court.

*Ripley* and *Conrad* for the plaintiff—*Preston* for the defendants.